# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF WISCONSIN

---

LAURA ANNE RAPP,
LAURA RAPP, as Former Personal
Representative of the Laurence A. Berg Estate,

                Plaintiffs,

                Case No. 17-cv-00948-bbc

v.

ANDREW J. LAUFERS, KATHERINE BROWN HOLMEN,
DUDLEY AND SMITH, PA, and JOHN DOES 1 – 5,

                Defendants.

---

## ANSWER

---

Defendants, Andrew J. Laufers, Katherine Brown Holmen, and Dudley and Smith, PA, by their attorneys, Bell, Moore & Richter, S.C., hereby answer the Plaintiffs' Complaint as follows:

### A. PARTIES

1. Answering Paragraph 1, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

2. Answering Paragraph 2, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

3. Answering Paragraph 3, admit.

4. Answering Paragraph 4, admit.

5. Answering Paragraph 5, admit.

6. Answering Paragraphs 6 through 10, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

## B. STATEMENT OF CLAIM

Defendants deny each and every allegation in the Statement of Claim that is not specifically admitted elsewhere in this Answer. Affirmatively allege that Plaintiff was advised that the IRS was not a party to the settlement agreement and that the Estate was insolvent.

## C. JURISDICTION AND VENUE

1. Answering Paragraphs 1 admit.

2. Answering Paragraph 2, admit.

## D. FACTUAL BACKGROUND

3. Answering Paragraph 3, admit.

4. Answering Paragraph 4, admit.

5. Answering Paragraph 5, admit.

6. Answering Paragraph 6, admit.

7. Answering Paragraph 7, admit in part. Lack knowledge or information as to the contents of the NTSB Report, and put Plaintiff to her proof.

8. Answering Paragraphs 8, admit.

9. Answering Paragraph 9, admit.

10. Answering Paragraph 10, admit.

11. Answering Paragraph 11, admit.

12. Answering Paragraph 12, admit.

12.a. Answering Paragraph 12a, admit.

12.b Answering Paragraph 12b, admit.

13. Answering Paragraph 13, admit.

14. Answering Paragraph 14, admit.

15. Answering Paragraph 15, admit.

16. Answering Paragraph 16, admit.

17. Answering Paragraph 17, admit.

18. Answering Paragraph 18, lacks knowledge or information as to the truth of the matter asserted.

19. Answering Paragraph 19, upon information and belief, admit.

20. Answering Paragraph 20, admit.

21. Answering Paragraph 21, the allegation states a legal conclusion to which no response is required.

22. Answering Paragraph 22, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

23. Answering Paragraph 23, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

24. Answering Paragraph 24, admit that Rapp and Brown Holmen spoke on the phone on May 4, 2010. Deny that Brown Holmen told Rapp that all legal matters had to be handled by the firm; affirmatively allege that Brown Holmen informed her that it might be convenient to have both attorneys from the same firm and that her firm was equipped to do that.

25. Answering Paragraph 25, admit only as to Consent to Substitution of Attorneys; lack knowledge or information sufficient to form a belief as to the remainder of Paragraph 25, and put the Plaintiff to her proof.

26. Answering Paragraph 26, admit receiving payment from Rapp as personal representative to the Berg Estate but deny that the Defendants represented Rapp personally.

27. Answering Paragraph 27, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

28. Answering Paragraph 28, admit.

29. Answering Paragraph 29, admit.

30. Answering Paragraph 30, admit that the Defendants filed a response to the Weller petition while representing Rapp as personal representative of the Estate. Deny that they were representing Rapp personally.

31. Answering Paragraph 31, admit.

32. Answering Paragraph 32, admit.

33. Answering Paragraph 33, admit.

34. Answering Paragraph 34, admit.

35. Answering Paragraph 35, admit.

36. Answering Paragraph 36, deny that Brown Holmen filed any documents in this matter. Admit that Laufers acted in an effort to limit claims due to the lack of money in the Estate.

37. Answering Paragraph 37, admit. Affirmatively allege that the claims were filed before the Defendants were retained and should have been objected to by prior counsel.

38. Answering Paragraph 38, admit.

39. Answering Paragraph 39, admit.

40. Answering Paragraph 40, admit.

41. Answering Paragraph 41, admit.

42. Answering Paragraph 42, admit that the court so ruled.

43. Answering Paragraph 43, admit that the court so ruled, but affirmatively allege that it was still possible to defend against the claims.

44. Answering Paragraph 44, admit.

45. Answering Paragraph 45, admit.

46. Answering Paragraph 46, deny.

47. Answering Paragraph 47, deny.

48. Answering Paragraph 48, admit.

49. Answering Paragraph 49, admit.

50. Answering Paragraph 50, admit.

51. Answering Paragraph 51, admit.

52. Answering Paragraph 52, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

53. Answering Paragraph 53, admit that Atty. Laufers received an email. Deny that Brown Holmen received any email.

54. Answering Paragraph 54, admit.

55. Answering Paragraph 55, admit.

56. Answering Paragraph 56, admit.

57. Answering Paragraph 57, admit. Affirmatively allege that Plaintiff knew about the IRS claims during the mediation.

58. Answering Paragraph 58, admit that Dudley provided Plaintiff with a letter. Lack knowledge or information as to the lack of enclosures and therefore put Plaintiff to her proof.

59. Answering Paragraph 59, admit.

5

60. Answering Paragraph 60, admit.

61. Answering Paragraph 61, admit.

62. Answering Paragraph 62, admit.

63. Answering Paragraph 63, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

64. Answering Paragraph 64, admit.

65. Answering Paragraph 65, admit.

66. Answering Paragraph 66, admit.

67. Answering Paragraph 67, admit.

68. Answering Paragraph 68, deny.

69. Answering Paragraph 69, admit that Plaintiff sent the correspondence and made the comments stated therein. Lack knowledge or information as to the accuracy of the comments and put Plaintiff to her proof.

70. Answering Paragraph 70, admit that Plaintiff sent the email. As to Plaintiff's interpretation of Wis. Stat. § 859.40, it sets forth a legal conclusion to which no response is required.

71. Answering Paragraph 71, admit that Plaintiff sent the email. As to the contents of the email, lack knowledge or information as to the truth of the matter asserted and put Plaintiff to her proof.

72. Answering Paragraph 72, deny.

73. Answering Paragraph 73, admit.

74. Answering Paragraph 74, deny that the request was "last minute" and "ill-timed" and deny the accuracy of the alleged quote.

75. Answering Paragraph 75, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

76. Answering Paragraph 76, admit.

77. Answering Paragraph 77, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Laufers was prepared for the mediation.

78. Answering Paragraph78, deny.

79. Answering Paragraph 79, deny.

80. Answering Paragraph 80, deny.

81. Answering Paragraph 81, deny.

82. Answering Paragraph 82, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

83. Answering Paragraph 83, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

84. Answering Paragraph 84, admit.

85. Answering Paragraph 85, admit.

86. Answering Paragraph 86, admit.

87. Answering Paragraph 87, admit that Laufers and Rapp discussed asking James Berg to contribute $120,000 toward the settlement. Deny the remaining allegations.

88. Answering Paragraph 88, admit that a settlement agreement was reached on January 10, 2012. Lack knowledge or information as to the meaning of the term "of sorts."

89. Answering Paragraph 89, admit.

90. Answering Paragraph 90, admit.

91. Answering Paragraph 91, admit.

92. Answering Paragraph 92, deny the allegations as described. Affirmatively allege that the IRS tax lien needed to be paid in accordance with federal law.

93. Answering Paragraph 93, admit in part. Deny that the bill from the mediator was "unanticipated."

94. Answering Paragraph 94, admit.

95. Answering Paragraph 95, admit.

96. Answering Paragraph 96, deny that Laufers did not have a grasp of the Estate's financial position. Admit that Laufers advised Plaintiff to pay the WDOR.

97. Answering Paragraph 97, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

98. Answering Paragraph 98, admit.

99. Answering Paragraph 99, deny.

100. Answering Paragraph 100, admit.

101. Answering Paragraph 101, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

102. Answering Paragraph 102, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

103. Answering Paragraph 103, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

104. Answering Paragraph 104, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

105. Answering Paragraph 105, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

106. Answering Paragraph 106, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

107. Answering Paragraph 107, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

108. Answering Paragraph 108, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

109. Answering Paragraph 109, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

110. Answering Paragraph 110, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

111. Answering Paragraph 111, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

112. Answering Paragraph 112, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

113. Answering Paragraph 113, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

114. Answering Paragraph 114, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

115. Answering Paragraph 115, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

116. Answering Paragraph 116, deny.

117. Answering Paragraph 117, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

118. Answering Paragraph 118, deny that Plaintiff's civil rights were violated. Lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants did not act as counsel for Plaintiff after February 7, 2012.

119. Answering Paragraph 119, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

120. Answering Paragraph 120, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

121. Answering Paragraph 121, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

122. Answering Paragraph 122, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

123. Answering Paragraph 123, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

124. Answering Paragraph 124, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

125. Answering Paragraph 125, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

126. Answering Paragraph 126, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

127. Answering Paragraph 127, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

128. Answering Paragraph 128, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

129. Answering Paragraph 129, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

130. Answering Paragraph 130, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

131. Answering Paragraph 131, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

132. Answering Paragraph 132, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

133. Answering Paragraph 133, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

134. Answering Paragraph 134, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

135. Answering Paragraph 135, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants were no longer acting as counsel for Plaintiff.

136. Answering Paragraph 136, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants are no longer acting as counsel for Plaintiff.

137. Answering Paragraph 137, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof. Affirmatively allege that Defendants are no longer acting as counsel for Plaintiff.

138. Answering Paragraph 138, deny.

139. Answering Paragraph 139, deny.

140. Answering Paragraph 140, deny.

141. Answering Paragraph 141, deny.

142. Answering Paragraph 142, deny.

143. Answering Paragraph 143, deny.

144. Answering Paragraph 144, deny.

145. Answering Paragraph 145, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

146. Answering Paragraph 146, lack knowledge or information sufficient to form a belief as to the truth of the matter asserted, and put the Plaintiff to her proof.

### Summary

Defendants deny each and every allegation in the Summary that is not specifically admitted elsewhere in this Answer.

### Counts

### Count 1 – Legal Malpractice

147. Answering Paragraph 147, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that they committed legal malpractice.

### Count II – Breach of Standard of Care

148. Answering Paragraph 148, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that they breached the standard of care.

### Count III – Breach of Contract

149. Answering Paragraph 149, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that they breached any contract with the Plaintiff.

### Count IV – Negligence

150. Answering Paragraph 150, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that they committed negligence.

### Count V – Misrepresentation

151. Answering Paragraph 151, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that they engaged in misrepresentation.

### Count VI – Negligent Misrepresentation

152. Answering Paragraph 152, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that they engaged in negligent misrepresentation.

### COUNT VII – Negligent Supervision

### DUDLEY DEFENDANT

153. Answering Paragraph 153, Defendants incorporate by reference their responses to the preceding paragraphs. Admit that Laufers and Brown Holmen were employed by Dudley. Deny the remaining allegations.

154. Answering Paragraph 154, Defendants incorporate by reference their responses to the preceding paragraphs. Defendants deny that Dudley was negligent in its supervision.

### AFFIRMATIVE DEFENSES

As and for their affirmative defenses in this matter, Defendants allege as follows:

1. The Complaint fails to state a claim against the Defendants.

2. The Plaintiff has failed to mitigate her damages.

3. Some of the Plaintiff's claims may be barred by the statute of limitations.

4. The Defendants withdrew as counsel for Plaintiff as of February 7, 2012, and Plaintiff's damages may be the result of actions taken by successor counsel, Plaintiff's accountants, or by Plaintiff herself while acting *pro se*.

5. Brown Holmen is a personal injury attorney who only spoke briefly to Rapp so that she could assist in this matter if the wrongful death claims were litigated. Because those claims were settled at the mediation, which Brown Holmen did not attend, she never became actively involved in the case.

15

**WHEREFORE**, Defendants demand dismissal of all claims against them, costs and disbursements in this action, and any other relief the Court deems just.

**DEFENDANTS DEMAND TRIAL BY A JURY**

Dated this 26th day of January, 2018.

                                      BELL, MOORE & RICHTER, S.C.
                                      Attorneys for Defendants, Andrew J.
                                      Laufers, Katherine Brown Holmen, and
                                      Dudley and Smith, PA

By: _/s/ Sheila M. Sullivan_
       Ward I. Richter
       State Bar No. 1014361
       Sheila M. Sullivan
       State Bar No. 1025532

**Address:**
345 W. Washington Ave., Ste. 302
Madison, WI 53703-3007
Telephone: 608/257-3764
Facsimile: 608/257-3757
E-Mail: wrichter@bmrlawyers.com
            ssullivan@bmrlawyers.com