LAURA ANNE RAPP, Former Personal
Representative of the Laurence A. Berg Estate,

                    Plaintiff,

                                                 Case No. 17-cv-00948-bbc

    v.

ANDREW J. LAUFERS, KATHERINE BROWN HOLMEN,
DUDLEY AND SMITH, PA, and JOHN DOES 1 – 5,

                    Defendants.

## DEFENDANTS LAUFERS', BROWN HOLMEN'S, AND DUDLEY AND SMITH, P.A.'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

This action arises out of the plaintiff's allegations of legal malpractice, breach of contract, negligence, and misrepresentation against the defendants Andrew J. Laufers, Katherine Brown Holmen, and Dudley and Smith, P.A. (hereinafter referred to as "defendants"). Discovery is ongoing. After making a good faith effort to respond to the plaintiff's initial written interrogatories and requests for production of documents, the plaintiff subsequently served upon the defendants a cumulative total of 362 Requests for Admission, in addition to a second round of accompanying interrogatories and requests to produce, on November 7, 2018.

The parties have a scheduling order in place which required submission of Summary Judgment Motions by November 17, 2018. The Court recently granted an extension to postpone the summary judgment deadline until November 26, 2018. Responses to Ms. Rapp's hundreds of Requests to Admit are due shortly thereafter, on December 7, 2018. In addition to the scheduling

challenges these requests present, they are cumulative, unduly burdensome, and harassing. The defendants seek a protective order, pursuant to the Court's Preliminary Pretrial Conference Order dated March 22, 2018, and Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.

## LEGAL STANDARD

The Court has authority to modify the extent of discovery in a scheduling order. Fed. R. Civ. Pro. 16(b)(3)(B)(ii). The court's schedule may be modified for good cause and with the judge's consent. Fed. R. Civ. Pro 16(b)(4). Likewise, Rule 16(c)(2) provides that "avoiding unnecessary proof and cumulative evidence" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action," are two matters appropriate for the court's consideration at the pre-trial conference.

Federal Rule of Civil Procedure 26(b) addresses the scope and limits of discovery:

**(1)** *Scope in General.* <u>Unless otherwise limited by court order</u>, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and <u>proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, <u>the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit</u>. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. <u>By order or local rule, the court may also limit the number of requests under Rule 36.</u>

**(B)** *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the

requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** *When Required.* <u>On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules</u> or by local rule <u>if it determines that:</u>

> **(i)** <u>the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;</u>

> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> **(iii)** <u>the proposed discovery is outside the scope permitted by Rule 26(b)(1).</u>

(Underlining added for emphasis).

Federal Rule of Civil Procedure 26(c) allows the parties to seek a protective order for good cause shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense":

**(c) Protective Orders.**

> **(1)** *In General.* <u>A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending</u> -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from <u>annoyance, embarrassment, oppression, or undue burden or expense,</u> including one or more of the following:

> > **(A)** forbidding the disclosure or discovery;

> > **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

> > **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
> > **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

(Underlining added for emphasis). The burden is on the objecting party to show that a proponent's motive is to harass, and that a hardship or injustice will be caused by the use of successive methods of discovery. *Stonybrook Tenants Ass'n, Inc. v. Alpert,* 29 F.R.D. 165, 167 (D. Conn. 1961).

## ARGUMENT

The court has the authority to make orders which will prevent oppression and hold down expense, and to weigh the annoyance and expense involved in compiling the data as against the value of the information sought to be obtained. *V.D. Anderson Co. v. Helena Cotton Oil Co.,* 117 F. Supp. 932, 941 (E.D. Ark. 1953); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994). Defendants ask the court to strike the plaintiff's Requests to Admit, and second written Interrogatories and Requests to Produce because they are unreasonably cumulative and duplicative, and the information sought can be obtained by more convenient means, such as a deposition, under Rule 26(b)(2)(C)(i). Likewise, the proposed discovery is

outside the scope permitted by Rule 26(b)(1) because it is not proportional to the needs of the

case and the burden and expense of the proposed discovery outweighs its likely benefit. *See* Fed.

R. Civ. P. 26(b)(2)(C)(ii).

## I. THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO LIMIT DISCOVERY THAT IS UNNECESSARILY EXPENSIVE, ANNOYING, OPPRESSIVE, AND BURDENSOME.

The Court's Preliminary Pretrial Conference Order dated March 22, 2018 provides, in

relevant part:

> Rule 26(c) protects all parties from discovery requests that are annoying, oppressive, or **too expensive or too much time to be worth it in this case.** Defendants often object that discovery demands violate Rules 26(b) or 26(c), so it is important to make **careful discovery requests that are aimed at getting the information and documents you really need for this lawsuit, and not aimed at getting other information and documents that you don't really need.**
>
> Another reason that it is important to make careful discovery requests is because Rule 33(a) says that a party only may serve 25 interrogatories on his opponents. An interrogatory is a written question that you want the defendants to answer under oath. **Even if you have lots of questions that you want the defendants to answer so that you can learn information about your claims, you cannot ask more than 25 questions unless the court gives you permission first.** This court usually does not give either side permission to ask more than 25 interrogatories. That means you must use your 25 interrogatories to ask the most important questions.
>
> Sometimes the defendant does not object to a few extra interrogatories, and this court expects that the defendants and their attorney in their case will be reasonable. **But the plaintiff should not count on obtaining answers to more than 25 interrogatories during this lawsuit.**
>
> If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, **but the court does not require this if it would be a waste of time. If either side thinks that the other side is not doing what it is supposed to do for discovery and they cannot work it out, then either the plaintiff or the defendant quickly should file a motion with the court.** If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial.

> If a party files a motion to compel discovery, or to protect from discovery, or for some other discovery problem, that party also must submit at the same time his (or her) other documents that show why the court should grant the motion. If your opponent files a discovery motion, you only have seven calendar days to file and to serve your written response. The court will not allow a reply brief on a discovery motion unless the court asks for one.

Pp. 7-8 (emphasis added).

Defendants did not believe it would be productive to confer with the pro se plaintiff due to the pressing time constraints and the plaintiff's unrepresented status. Rather, defendants ask the court to exercise its inherent authority, contemplated in the Pre-trial Conference Order, to grant relief from the plaintiff's harassing requests.

Requests for admission are governed by Fed. R. Civ. P. 36, which states, in relevant part:

> **(a) Scope and Procedure.**
>
> > **(1)** *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> >
> > > **(A)** facts, the application of law to fact, or opinions about either; and
> > >
> > > **(B)** the genuineness of any described documents.

The Advisory Committee Notes to the 1970 Amendment of the Rule also include the following:

> . . . requests to admit may be so voluminous and so framed that the answering party finds **the task of identifying what is in dispute and what is not unduly burdensome**. If so, **the responding party may obtain a protective order under Rule 26(c).**

28 U.S.C.A. Fed. R. Civ. Pro. 26 (West) (emphasis added). The advisory committee notes support defendants' request. In amending Rule 36, the committee explicitly contemplated that propounding voluminous requests for admission may be unduly burdensome and subject to a protective order by the standards of Rule 26. Rule 26(b)(2)(A) specifically allows the court to limit the number of requests for admission under Rule 36. Even the time and expense involved in

parsing out which of the plaintiff's 362 Requests for Admission merits a response is more burdensome than intended under the Federal Rules of Civil Procedure.

### A. The Plaintiff's Requests constitute an abuse of the discovery rules.

Plaintiff attempts to circumvent and abuse discovery procedure by issuing requests for admission in lieu of interrogatories. *See In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) ("Utilizing interrogatories disguised as requests for admissions in an attempt to circumvent a local rule limiting the number of interrogatories is an abuse of the discovery process.") (citing *Misco, Inc v. United States Steel Corp.,* 784 F.2d 198, 206 (6th Cir. 1986)). Interrogatories and requests for admissions are not interchangeable procedures designed for the same purpose. *People of State of Cal. v. The Jules Fribourg,* 19 F.R.D. 432, 434–35 (N.D. Cal. 1955); *see also U.S. S.E.C. v. Nutmeg Grp., LLC,* 285 F.R.D. 403, 405 (N.D. Ill. 2012) ("Federal Rule of Civil Procedure 36 is not a discovery device, but rather creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request. See *Stallings–Daniel v. Northern Trust Co., 2002 WL 424629*, at 1–2 (N.D.Ill.2002), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2253 (1994).").

Requests for admissions are designed to eliminate from the case issues which are not really in dispute between the parties, and thus to limit the case to the vital and disputed issues. *People of State of Cal. v. The Jules Fribourg,* 19 F.R.D. 432, 434–36 (N.D. Cal. 1955) (internal citations omitted); *see also U.S. S.E.C. v. Nutmeg Grp., LLC,* 285 F.R.D. 403, 405 (N.D. Ill. 2012) ("The purpose of Rule 36 is to allow parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree.") (citing *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987)). As these Responses are due after the

deadline for summary judgment motions, they are not likely to serve the intended purpose of limiting the scope of disputed factual issues for trial, but rather are intended to annoy, burden, and harass the defendants.

Interrogatories, on the other hand, are designed to elicit relevant information which, although itself inadmissible, "appears reasonably calculated to lead to the discovery of admissible evidence." *People of State of Cal. v. The Jules Fribourg,* 19 F.R.D. 432, 434–35. (citing Fed. Rules Civ. Proc. Rule 26(b), 28 U.S.C.). Federal Rule of Civil Procedure 33 limits a party to propounding no more than 25 written interrogatories to any other party, including all subparts, without a stipulation or order of the court saying otherwise. Defendants here responded to a first round of written interrogatories. Defendant Laufers, for example, responded to at least 22 interrogatories, with approximately 6 additional subparts as well. These interrogatories were mostly acceptable to the defendants, apart from a few multi-part questions, to which the defendants objected. Affidavit of Eileen I. Dorfman, Nov. 21, 2018, Exs. B-D.

Plaintiff now demands the defendants respond to a cumulative total of 362 Requests for Admission, 269 of which are directed to Attorney Laufers. Plaintiff also includes a catch-all interrogatory addressed to each defendant, seeking an explanation of any Requests the parties deny, and seeks production of documents relied on in support of same. Dorfman Aff., Ex. A. There is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case. *People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436. Furthermore, the plaintiff cannot require defendants to provide explanations of denials. *See In re Olympia Holding Corp.,* 189 B.R. 846, 853. This is an improper attempt to eliminate central issues in dispute and require defendants to draw legal conclusions. *Id.* Plaintiff's

approach evinces her true intent to use Requests to Admit to circumvent Rule 33's limitations on the number of interrogatories a party may issue.

Regardless, being forced to answer Plaintiff's "catch-all" second round of Interrogatories will likely exceed Rule 33's limitations. In *Benas v. Baca*, the court found that when a single interrogatory asked for factual responses to a set of Requests for Admission, each response counted as a subpart towards the rule's limit of 25. No. CV00-011507LGBSHX, 2003 WL 21697750, at 2 (C.D. Cal. July 16, 2003) (citing *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal.1998)). Therefore, the plaintiff's second round of interrogatories requiring explanations for any denial of a Request to Admit will almost certainly exceed the 25-interrogatory limit.

Requests to admit should not be excessive in number and, obviously, should be tailored in a manner and scope to avoid harassment and improper motive. *Tamas v. Family Video Movie Club, Inc*., 301 F.R.D. 346, 347 (N.D. Ill. 2014). "The discovery rules are not a ticket . . . to an unlimited never-ending exploration of every conceivable matter that captures a [party's] interest." *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) ("Parties are entitled to a reasonable opportunity to investigate the facts-and no more.") (internal quotation omitted); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome.") (citing *See Gregg v. Local 305 IBEW,* No. 08 Civ. 160, 2009 WL 1325103, at 6 (N.D. Ind. May 13, 2009); *Clean Earth Remediation & Constr. Servs., Inc. v. Am. Int'l Group Inc.,* 245 F.R.D.

137, 141 (S.D.N.Y.2007); *see also* 7–33 Moore's Federal Practice–Civil § 33.78). Succinctly stated, "**Rule 36 was not intended to be used to cover the entire case**." *Pittsburgh Hotels Ass'n v. Urban Redevelopment Auth. of Pittsburgh*, 29 F.R.D. 512, 513 (W.D. Pa. 1962) (emphasis added) ("Requests which call for interpretation of documents, letters, communications, statutes, and requests for opinions, conclusions of law, conjectures, or suspicions are objectionable.").

Defendants respectfully ask the court to strike plaintiff's Requests for Admission, second Interrogatories, and Requests for Production entirely. *Id.* ("Where valid and invalid requests are intermingled, the court need not attempt to sort the good from the bad."); *see also Tamas v. Family Video Movie Club, Inc.,* 301 F.R.D. at 348 (quoting *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.,* 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003) ("When the purpose of the discovery is to obtain information for reasons other than the prosecution or defense of the lawsuit, unless vital information is at stake, discovery will be denied in its entirety."). Requests that cannot be "readily admitted or denied" without qualification are not adequately tailored to the purpose of such discovery. *Pittsburgh Hotels Ass'n v. Urban Redevelopment Auth. of Pittsburgh*, 29 F.R.D. 512, 513. Courts "routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive." *Id.* at 347 (quoting *Robinson,* 2009 WL 3233909, at 2); *see also Frost v. Williams*, 46 F.R.D. 484, 485 (D. Md. 1969) (service of 200 interrogatories on defendant was found oppressive and warranted issuance of protective order). The court should so order here.

## II. THE COURT MUST LIMIT DISCOVERY TO THE EXTENT THAT IT IS UNREASONABLY CUMULATIVE, DUPLICATIVE, BURDENSOME, AND OUTSIDE OF THE SCOPE PERMITTED BY RULE 26(b)(1).

Although courts are committed to the liberal use of discovery for legitimate purposes, the court must limit the frequency or extent of discovery if it determines that:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. Pro. 26(b)(2)(C). The plaintiff's use of successive methods of discovery is unduly burdensome and oppressive in relation to the needs of the case. *See generally*, *Stonybrook Tenants Ass'n, Inc. v. Alpert*, 29 F.R.D. 165, 167 (D. Conn. 1961).

Plaintiff seeks information that is cumulative with the discovery responses already provided, duplicative, and which would incur extravagant expense to address properly. *See* Dorfman Aff., Exs. A-D; *see also Zenith Radio Corp. v. Radio Corp. of Am.,* 106 F. Supp. 561 (D. Del. 1952) ("Federal rule of civil procedure pertaining to discovery does not sanction oppression by interrogatories, and interrogatories may, in proper circumstances, be stricken if they are **either oppressive or excessive in number**.") (emphasis added); *Zito v. Leasecomm Corp.,* 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (finding little additional benefit to answering 169 questions in a set of interrogatories would be outweighed by expense and time required to do so). Plaintiff's requests ask the parties for repeated admissions or to draw alternative conclusions. *See e.g.*, Dorfman Aff., Ex. A, Requests for Admission to Laufers Nos. 6-12, 18-22, 25-33, 62, 66, 71-88, 91-92, 148-53, 160-61, 179-88, 262-68, etc.; Requests for Admission to Katherine Brown

Holmen Nos. 53-54, Requests for Admission to Joseph Dudley, Jr. Nos. 15-17, 26. Others require admissions of irrelevant or uncontested facts. *See e.g.,* Dorfman Aff., Ex. A, Requests for Admission to Laufers No. 17 ("Admit you represented in your initial consultation . . . that you were licensed to practice law in the State of Wisconsin."); see also Requests to Laufers Nos. 16, 24, 48-57, 261; *see generally* Requests to Brown Holmen; Requests to Dudley Nos. 1, 4, 6-8, 12-15, 18-19, etc. Rule 26(b)(2)(C)(i) does not require that the discovery be accessible by other means, (see the conjunctive "or" rather than "and"), thus, the court should forbid the Plaintiff's Requests entirely. Rule 26(c)(1)(C)(A).

A.    **Alternatively, the court may direct the Plaintiff to use a more convenient means of obtaining discovery under Rule 26(c)(1).**

The court may direct the plaintiff to utilize a more convenient means of discovery to balance the plaintiff's needs with the defense interest in an efficient and cost-effective process. Plaintiff should be able to seek discovery legitimately necessary to the prosecution of her case without abusing the rules of civil procedure. That said, courts rarely consider written questions an adequate substitute for oral depositions. *Zito v. Leasecomm Corp.,* 233 F.R.D. at 397. Depositions upon written questions are disfavored, which is essentially what plaintiff is attempting here. *Id.* (citing *Horvath v. Deutsche Lufthansa, AG,* No. 02 Civ. 3269, 2004 WL 241671, at 3-4 (S.D.N.Y. Feb. 9, 2004); *Sadowski v. Technical Career Institutes, Inc.,* No. 93 Civ. 455, 1994 WL 240546, at 1 (S.D.N.Y. May 27, 1994); *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 549 (S.D.N.Y.1989)). If the court wishes to prescribe an alternative method for discovery, oral deposition is presumed more favorable. *Id.*; *see also* Fed. R. Civ. Pro. 26(b)(2)(C)(i).

## CONCLUSION

The volume and nature of Plaintiff's requests for admission exceed reasonable expectations for conducting discovery. Pursuant to the Pre-Trial Conference Order and Rule 26(c)(1)(C)(A), the court should forbid the plaintiff's Requests entirely.

Dated this 21st day of November, 2018.

BELL, MOORE & RICHTER, S.C.
Attorneys for Defendants, Andrew J.
Laufers, Katherine Brown Holmen, and
Dudley and Smith, PA

By: ***Electronically Signed by Ward I. Richter***
Ward I. Richter
State Bar No. 1014361
Sheila M. Sullivan
State Bar No. 1025532
Eileen I. Dorfman
State Bar No. 1091289

**Address:**
345 W. Washington Ave., Ste. 302
Madison, WI  53703-3007
Telephone:      608/257-3764
Facsimile:       608/257-3757
E-Mail:           wrichter@bmrlawyers.com
                       ssullivan@bmrlawyers.com